## ROBERTSON v. ALLEN.
### Civ. No. 193.

United States District Court
N. D. Florida, Marianna Division.
March 22, 1949.

Marion B. Knight and E. E. Callaway, both of Blountstown, Fla., for plaintiff.

James H. Finch, of Marianna, Fla., and McClellan & Ramsey, of Blountstown, Fla., for defendant.

DEVANE, District Judge.

Plaintiff filed in the Circuit Court of Calhoun County, Florida, his suit at law against defendant, the same being styled, "Action On The Case In The Nature Of A Conspiracy." The case was removed to this court because of diversity of citizenship of the parties. The case is before the court on defendant's Motion to Dismiss the action on the ground that the Declaration fails to state a claim on which relief can be granted.

The Declaration alleges that plaintiff and Nellie Robertson were happily married in the State of Georgia in 1930. Thereafter, in 1932, defendant, being at that time a wealthy and influential manufacturer, having his home and a large factory in Buford, Georgia, employed plaintiff to work for him in his factory. Plaintiff further alleges that defendant was at that time a widower and for part of the consideration paid plaintiff, he and his wife agreed to reside with defendant in his home and to help care for same. Plaintiff further alleges that this relationship between plaintiff, his wife and defendant continued until 1946 when plaintiff was sent by defendant to take charge of certain property owned by defendant in Florida.

The Declaration further alleges that plaintiff was inducted into the military service of the United States in 1943; that he was injured early in 1945 and discharged from service in November of that year. A Son was born to plaintiff and wife in January, 1946. Plaintiff further alleges that shortly after the birth of his Son he was sent to Florida by defendant as the result of a conspiracy entered into between defendant and plaintiff's wife to get rid of him, because of his then physical condition resulting from the injuries received while in the service. Plaintiff alleges that when defendant sent him to Florida he agreed to build a home for plaintiff, his wife and child in Florida, but that such home was never provided, and that plaintiff's wife and child continued to reside with defendant in Buford, Georgia while plaintiff was in Florida taking care of defendant's property.

It is further alleged that in May, 1948 defendant called plaintiff to Buford, Georgia and upon his arrival he was informed by his wife that she desired a divorce, which he refused to give her, and returned to his position as custodian of defendant's property in Florida. Plaintiff alleges that shortly thereafter defendant and plaintiff's wife and child came to Florida and upon their arrival defendant discharged plaintiff from his employment, whereupon plaintiff im-

mediately arranged to bring suit against his wife for a divorce.

It is further alleged that prior to the institution of such suit an agreement was entered into between plaintiff on the one hand and his wife and the defendant on the other, whereby plaintiff would leave his child in the custody of his wife and that defendant would take care of and support his wife and child. It is also alleged that defendant and plaintiff's wife further agreed that the wife and the child would not be taken out of the jurisdiction of the court in which the divorce proceeding was to be instituted and that plaintiff might visit said child and have it visit him at any time he so wished. Plaintiff alleged that in conformity with this agreement he filed suit and obtained a divorce from his wife on the ground of desertion and that no mention of the custody of the child was made in said divorce proceeding.

It is further alleged that as soon as the divorce was granted defendant removed plaintiff's former wife and child from the jurisdiction of the court granting said divorce and from the State of Florida and has since denied plaintiff of the "association, consortum, aid, comfort and services of his said Son." Damages are sought in the sum of $250,000.

"Section 744.13, Florida Statutes Annotated, provides that, "(1) The mother and father jointly are natural guardians of their own children and of their adopted children during infancy. If one parent dies, the natural guardianship shall pass to the surviving parent, and such right shall continue even though the surviving parent remarries. In the event of a divorce between the parents, the natural guardianship shall belong to the parent to whom the custody of the children was awarded. If the parents are given joint custody, then both shall continue as natural guardians. In the event a divorce is granted, and neither the father nor the mother is given custody of the children, then neither can act as natural guardian of the children."

Section 65.14 of Florida Statutes Annotated provides that, "In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any, security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just, and such order touching their custody as their best spiritual as well as other interests may require."

When the two foregoing Sections of the Florida Statutes Annotated are considered together it is clear that prior to an adjudication under the latter Section the rights of a mother to the possession, custody and control of a child are as great as those of a father. Plaintiff here is, in effect, claiming a superior right to the custody of his child over that of the child's mother, which he does not have under Florida law. The gravamen of the case is the allegation that plaintiff entered into an agreement with defendant and plaintiff's former wife as to the respective rights and obligations of the parties with reference to the child, which defendant has breached. Under the Satutes referred to above such an agreement is clearly void—being contrary to public policy under Florida law. This being true no action may be maintained upon the alleged conspiracy to violate the alleged oral agreement sued upon.

An Order will be entered in conformity with this Memorandum Decision dismissing this case.